FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRB,<br><br>                  Plaintiff,<br><br>    v.<br><br>CITY OF SPOKANE; KURTIS REESE; and DOES 1-5,<br><br>                  Defendants. | NO: 2:18-CV-264-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS |

BEFORE THE COURT is Defendants' Motion for Judicial Notice and 12(c) Motion for Partial Dismissal, ECF No. 6. Defendants City of Spokane, Sergeant Kurtis Reese, and John Does 1–5 (collectively, "Defendants") move for partial judgment on the pleadings of Plaintiff GRB's[1] claims under 42 U.S.C. § 1983 and

---

[1] GRB was a minor when the facts underlying this lawsuit occurred, including a disposition of criminal charges against GRB in juvenile court. Accordingly, the Court will refer to Plaintiff by his initials.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 1

negligence, which is opposed by GRB. ECF No. 13. The Court has considered the parties' briefings and the record and is fully informed.

## BACKGROUND

GRB alleges the following facts in his complaint. ECF No. 2-1. On June 9, 2015, GRB alleges that he was walking in downtown Spokane when he was spotted by Sergeant Reese and multiple police officers. *Id.* at 10. GRB was fourteen years old at the time and had a warrant out in his name relating to a dependency matter. *Id.* GRB alleges that the police officers, including Sergeant Reese, attempted to detain GRB on the warrant. *Id.* In attempting to detain GRB, GRB alleges that Sergeant Reese caused GRB to fall through a storefront window. *Id.* GRB alleges that all of this occurred even though GRB did not act violently toward Defendants. *Id.* at 11.

GRB alleges that falling through the window caused him serious lacerations, permanent scars, and mental injuries. ECF No. 2-1 at 11. GRB states that he was taken to the hospital via ambulance and treated for his lacerations. *Id.*

GRB filed this complaint against Defendants in Spokane County Superior Court on June 8, 2018. ECF No. 2-1. Defendants subsequently removed this case to federal court. ECF No. 1. The Court has jurisdiction over this case. *See* 28 U.S.C. §§ 1331, 1343, 1443, 1446.

## LEGAL STANDARD

After a defendant files its answer, the defendant may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Like in a Rule 12(b)(6), the court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The analysis for a Rule 12(c) motion is "substantially identical" to the analysis for a Rule 12(b)(6) motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Judgment on the pleadings is appropriate when there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fleming*, 581 F.3d at 925.

A plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court construes the facts in the light most favorable to the non-moving party, a court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). A plaintiff's complaint cannot

survive if it is solely supported by "conclusory allegations of law and unwarranted inferences." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## DISCUSSION

### *Judicial Notice of Defendants' Exhibits*

A district court must convert a Rule 12(c) motion into a motion for summary judgment when it considers evidence outside of the pleadings. Fed. R. Civ. P. 12(d); *see also United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). As an exception to this rule, a court may take judicial notice of matters of public record without converting a motion for judgment on the pleadings into a motion for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

Under the judicial notice exception, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If the facts in a document are disputed, a court cannot take judicial notice of the facts in the document. *Lee*, 250 F.3d at 689. A district court may take judicial notice of another court's proceedings, but, "when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.* at 690 (quoting *S. Cross Overseas*

*Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)). Factual disputes on a 12(c) motion should be resolved in favor of the non-moving party, regardless of facts in judicially-noticed documents. *See Beckway v. DeShong*, 717 F. Supp. 2d 908, 912 n.1 (N.D. Cal. 2010).

Defendants ask the Court to take judicial notice of three documents: the Order on Adjudication and Disposition for GRB's criminal conduct, the Statement of Plea of Guilty by GRB, and a Verbatim Report of the Guilty Plea Proceedings. ECF No. 6 at 4–5; *see also* ECF No. 7. The Court finds that the existence of these documents is not subject to reasonable dispute and can be accurately and readily determined from sources not reasonably questioned. Fed. R. Evid. 201(b). Therefore, the Court takes judicial notice these documents' existence.

Defendants also ask the Court to take judicial notice of the facts within these three documents, evidenced by their reliance on the facts within these documents in support of their motion for judgment on the pleadings. ECF No. 6. But because the facts of this case, including what allegedly happened before and after GRB went through the storefront window, are subject to reasonable dispute, the Court cannot take judicial notice of the facts within. *Lee*, 250 F.3d at 689–90; *see also* Fed. R. Evid. 201. Allowing Defendants to present their own facts to support a motion for judgment on the pleadings, where the Court resolves factual disputes in favor of the non-moving party, also raises concerns. Thus, the Court takes judicial

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 5

notice of the fact that GRB pleaded guilty to resisting arrest but does not take judicial notice of the facts within these documents.

***Heck v. Humphrey* Preclusion**

The parties dispute whether GRB's section 1983 claim is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 6 at 5; ECF No. 13 at 4.

The *Heck* preclusion doctrine prevents section 1983 plaintiffs from collecting monetary damages for claims that would render the plaintiff's state court conviction or sentence invalid. *Heck*, 512 U.S. at 486. The section 1983 action should not be allowed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

In the context of resisting arrest, the *Heck* doctrine is only applicable if the plaintiff's section 1983 action tries to invalidate that conviction for resisting arrest. *Hooper v. Cty. Of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011). At least in the context of California's resisting arrest law, the *Heck* doctrine is inapplicable if one distinct action supports the resisting arrest conviction and a different distinct action supports the claim for resisting arrest. *Id.*; *see also Smith v. City of Hemet*, 394 F.3d 689, 698 (9th Cir. 2005).

Defendants argue that allowing GRB's section 1983 action here would permit what the *Heck* doctrine tries to prevent: two conflicting resolutions arising out of the same transaction. ECF No. 6 at 7; *see also Heck*, 512 U.S. at 484.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 6

Additionally, Defendants argue that the facts of *Hooper* and *Smith* are different from the facts of this case, showing that a different result must be had here. ECF No. 14 at 2.

In *Smith*, the Ninth Circuit held that the *Heck* doctrine did not bar the plaintiff's section 1983 claim following a conviction for resisting arrest when the alleged excessive force occurs subsequent to the conduct on which the conviction for resisting arrest is based. *Smith*, 394 F.3d at 698. However, the Ninth Circuit corrected this statement in *Hooper*, when it held:

> Section 148(a)(1) does not require that an officer's lawful and unlawful behavior be divisible into two discrete "phases," or time periods, as we believed when we decided *Smith*. It is sufficient for a valid conviction under § 148(a)(1) that at some time during a "continuous transaction" an individual resisted, delayed, or obstructed an officer when the officer was acting lawfully. It does not matter that the officer might also, at some other time during that same "continuous transaction," have acted unlawfully.

*Hooper*, 629 F.3d at 1132. Thus, it is possible for a conviction for resisting arrest to occur, but also be the grounds for a section 1983 lawsuit for excessive force, if two distinct actions in a continuous course of events can apply to the resisting arrest conviction and claim of excessive force, respectfully. *Id.*

Here, construing the facts in the light most favorable to GRB, there could be facts throughout the arrest that support his conviction for resisting arrest, but that also would support his claim that Defendants used excessive force in violation of the Fourth Amendment. There is no indication that the two separate conclusions

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 7

presented by GRB would conflict with one another: GRB resisted a lawful arrest, and Defendants used excessive force to effectuate the arrest. Under *Hooper*, both statements can be true. *Hooper*, 629 F.3d at 1132. *Heck* preclusion would not bar GRB's section 1983 claims, then, because GRB's potential success on his section 1983 claim would not invalidate his conviction for resisting arrest.

The Ninth Circuit's conclusion in *Beets v. City of L.A.* is not dispositive to GRB's claims against Defendants. In that case, the plaintiff made excessive force claims against several police officers under section 1983 after being convicted of resisting arrest, among other things. *Beets v. City of L.A.*, 669 F.3d 1038, 1041 (9th Cir. 2012). The Court rejected the plaintiff's excessive force claim under the *Heck* doctrine, relying mainly on *Smith*, holding that there was no break between the end of the plaintiff's resisting and the beginning of the defendants' use of excessive force. *Id.* at 1044–45. The distinction between the conclusions of *Hooper* and *Beets* is the specific jury instructions given in *Beets* at the trial court. For the *Beets* plaintiff's state court conviction, "[t]he jury was specifically instructed that it could not find that [the defendant] committed the crimes unless it determined that Officer Winter . . . did not use excessive force." *Beets*, 669 F.3d at 1041. The reason that the *Beets* panel found that there would need to be a break between the end of the plaintiff's resisting and the beginning of the defendants' use of excessive force is that to find plaintiff guilty of resisting arrest, the jury had to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 8

find that the defendants had not used excessive force, which is different from the crimes the plaintiffs were convicted of in *Smith* and *Hooper*. *Id.* at 1044–45. The *Heck* doctrine applied because finding that the defendants used excessive force on the plaintiff would invalidate an essential element the jury had to find to convict the plaintiff.

Taking the facts in the light most favorable to GRB, GRB was convicted for resisting arrest after a struggle with police that caused GRB to fall through a storefront window. ECF No. 1-2 at 2; ECF No. 7-2. The facts construed in GRB's favor show that the arrest could support both that GRB was guilty of resisting arrest and that Defendants could be liable for use of excessive force. *See Hooper*, 629 F.3d at 1132. The facts of GRB's complaint are not similar to *Beets*, in which a finding of excessive force would invalidate an essential element of the resisting arrest charge from the state court. *Beets*, 669 F.3d at 1041. Thus, the facts here are more like *Hooper*, where the *Heck* doctrine did not apply. *See Hooper*, 629 F.3d at 1132.

Defendants' argument that the *Heck* doctrine applies whenever a plaintiff resists arrest after the use of allegedly excessive force is not convincing. ECF No. 14 at 8. The logical conclusion of Defendants' argument is that whenever an excessive force plaintiff resists arrest after police's use of force, that use of force

can never be excessive. This is a troubling conclusion. As one Seventh Circuit panel noted about a similar argument, Defendants' argument,

> would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages. Put another way, police subduing a suspect could use as much force as they wanted—and be shielded from accountability under civil law—as long as the prosecutor could get the plaintiff convicted on a charge of resisting. This would open the door to undesirable behavior and gut a large share of the protections provided by § 1983.

*VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006).

The Court finds that the facts as alleged do not warrant dismissal under the *Heck* doctrine.

## *Monell* Claim Against City of Spokane

In response to Defendants' motion to dismiss, GRB asks the Court to dismiss his *Monell* claim against the City of Spokane without prejudice. ECF No. 13 at 16. The Court dismisses this claim without prejudice.

## *Negligence Claims*

### *A. Negligence Claim Against Sergeant Reese*

The parties dispute whether Sergeant Reese owed GRB a duty of care, the breach of which would result in Sergeant Reese's negligence. ECF No. 6 at 12; ECF No. 13 at 11.

To prevail in a negligence suit, a plaintiff must show four elements: (1) the existence of a duty to the plaintiff; (2) a breach of that duty; (3) an injury; and (4) the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 10

breach as the proximate cause of the injury. *N.L. v. Bethel Sch. Dist.*, 378 P.3d 162, 165–66 (Wash. 2016). Whether a duty exists is a question of law. *Id.* at 166. In Washington, courts have adopted the public duty doctrine, which states that government bodies and their officers cannot be liable for negligence for alleged breaches of duties owed to the general public. *See, e.g.*, *Washburn v. City of Federal Way*, 310 P.3d 1275, 1287 (Wash. 2013). But the public duty doctrine does not apply if the plaintiff alleges a breach of a common law duty to the plaintiff specifically rather than the general public. *Wolfe v. Bennett PS & E, Inc.*, 974 P.2d 355, 360 n.6 (Wash. Ct. App. 1999). When the injury caused is a "result of direct contact with the plaintiff, not the performance of a general public duty," the public duty doctrine is inapplicable. *Garnett v. City of Bellevue*, 796 P.2d 782, 785 (Wash. Ct. App. 1990). "[T]he fundamental inquiry is whether the governmental unit owed a duty to this particular plaintiff as contrasted to a duty owed to the public in general." *Oberg v. Dep't of Nat. Res.*, 787 P.2d 278, 284 (Wash. 1990). Further, the public duty doctrine does not apply to common law negligence claims; it only applies to duties arising from statutes. *Munich v. Skagit Emergency Commc'n Ctr.*, 288 P.3d 328, 337 (Wash. 2012) (Chambers, J., concurring).[2]

---

[2] Because Justice Chambers's concurring opinion was joined by a majority of Justices, the concurring opinion carries controlling weight.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 11

The complaint alleges that Sergeant Reese acted negligently by causing injury to GRB when Sergeant Reese attempted to apprehend him. ECF No. 2-1 at 12–13. Based on the facts in the complaint, GRB alleges that Sergeant Reese affirmatively acted toward him and breached a duty of care, rather than breaching some sort of generalized public duty. *Id.*; *see also Oberg*, 787 P.2d at 284. Further, the duty of care is one arising from common law rather than a statute imposing a duty on government actors. *See Munich*, 288 P.3d at 337 (Chambers, J., concurring). For these reasons, GRB's complaint states a negligence claim that is not barred by the public duty doctrine.

Sergeant Reese's arguments to the contrary are not persuasive. First, he relies mainly on federal district court decisions, which do not control when interpreting state law. ECF No. 14 at 9–10. Second, Sergeant Reese's claim that GRB needed to plead an exception to the public duty doctrine is unfounded because the public duty doctrine does not apply. *Id.* at 10. Further, GRB's allegations that Sergeant Reese acted both intentionally and negligently are sufficient to state separate causes of action for negligent and intentional torts. ECF No. 14 at 9; ECF No. 2-1 at 12. The Court finds that the facts in the complaint, taken in the light most favorable to GRB, state a negligence claim against Sergeant Reese.

/ / /

/ / /

***B. Negligence Claim Against City of Spokane***

For the same reasons as they dispute GRB's negligence claim against Sergeant Reese, the parties dispute the sufficiency of GRB's claims against the City of Spokane for negligent hiring or training. ECF No. 6 at 14; ECF No. 13 at 11.

In Washington, all local governmental entities are liable for damages from their tortious conduct or the tortious conduct of its officers, employees, or volunteers, to the same extent as if the local entities were people. Wash. Rev. Code § 4.96.010(1). Local governmental entities include cities. Wash. Rev. Code. § 4.96.010(2).

The City of Spokane is liable for any alleged tortious conduct by Sergeant Reese or other officers. Wash. Rev. code § 4.96.010(1). If Sergeant Reese or the John Doe officers are found liable, then the City of Spokane would also be liable.

Defendants argue that the claims of negligent hiring and training against the City of Spokane are barred by the public duty doctrine because the duty to reasonably hire and train police officers is a duty owed to the public, not to GRB specifically. ECF No. 6 at 15. Negligent hiring and training are common law duties that individual persons or entities owe to others. *See, e.g.*, *Betty Y. v. Al-Hellou*, 988 P.2d 1031, 1032–33 (Wash. Ct. App. 1999). Accordingly, the City of Spokane is not absolved of its duty to reasonably hire and train its employees because of its status as a government entity. *Munich*, 288 P.3d at 337 (Chambers, J., concurring).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 13

Defendants' citations to various federal court decisions that found that the public duty doctrine bars negligent training or supervision claims against cities are unpersuasive because state court opinions control the interpretation of state law. ECF No. 6 at 15.

The determination of whether the public duty doctrine bars a negligence claim turns on whether the duty which the plaintiff claims the government defendant breached is one that a non-government person or entity could be liable for as well. As Justice Chambers explained in *Munich*:

> Thus, for example, the public duty doctrine applies to a city's building department's actions when issuing building permits because that is a function imposed by ordinance and not a duty shared with private persons. But the same building department owes common law, premises-liability duties to those who enter the building department's offices because all possessors of land owe the same duties to those who enter, whether the landowners are public or private entities.

*Munich*, 288 P.3d at 337 (Chambers, J., concurring) (internal citations omitted). Because negligent hiring and training are two duties that private persons and entities hold to other members of the public, the City of Spokane is held to that duty as well. Therefore, the Court will not grant judgment on the pleadings on GRB's negligence claims against the City of Spokane.

/ / /

/ / /

/ / /

# CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judicial Notice and Motion for Partial Judgment, **ECF No. 6**, is **GRANTED in part** and **DENIED in part**.

2. Plaintiff's *Monell* claim against the City of Spokane is **DISMISSED without prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 22, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND PARTIAL JUDGMENT ON THE PLEADINGS ~ 15